**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0391-19

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

SEAN KAISER, a/k/a SEAN K.
AISER, SEAN J. KAISER,
SEAN K. KAISER, SEAN RED,

     Defendant-Appellant.

_____

Submitted March 16, 2021 – Decided March 31, 2021

Before Judges Haas and Mawla.

On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Indictment Nos. 14-03-0238, 14-04-0474, 14-05-0626, and 14-05-0628.

Joseph E. Krakora, Public Defender, attorney for appellant (Monique Moyse, Designated Counsel, on the brief).

Yolanda Ciccone, Middlesex County Prosecutor, attorney for respondent (David M. Liston, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Sean Kaiser appeals from the July 25, 2019 Law Division order denying his petition for post-conviction relief (PCR). We affirm.

The parties are fully familiar with the procedural history and facts of this case and, therefore, we need not recite them in detail here. In four separate indictments, Middlesex County grand juries charged defendant with twenty-nine separate offenses, including multiple armed robberies, burglaries, and aggravated assaults against several different victims. The offenses occurred on September 9 and 10, 2013.

Following negotiations between defendant's attorney and the State, defendant agreed to plead guilty to nine of the charges, specifically: first-degree robbery and third-degree aggravated assault under Indictment No. 14-03-0238; third-degree burglary and third-degree conspiracy to commit burglary under Indictment No. 14-04-0474; first-degree robbery under Indictment No. 14-05-0626; and second-degree robbery, second-degree conspiracy to commit robbery, first-degree robbery, and third-degree possession of a weapon for an unlawful purpose under Indictment No. 14-05-0628. Although defendant faced the possibility of receiving a maximum sentence of up to ninety-five years for these offenses, the State agreed to recommend that the trial court sentence defendant

to an aggregate twenty-year term, subject to an eighty-five percent period of parole ineligibility under the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2, and with varying terms of parole supervision upon his release. Under the parties' plea agreement, defendant would receive consecutive ten-year terms for the first-degree armed robbery charges under Indictment No. 14-05-0626 and Indictment No. 14-05-0628, and concurrent terms for all of the other charges.

The trial judge sentenced defendant in accordance with the terms of his negotiated plea agreement to an aggregate twenty-year term, including the two, consecutive ten-year terms for the first-degree robbery convictions subject to NERA. Defendant appealed his sentence. We heard the appeal on our Excessive Sentence Oral Argument calendar pursuant to Rule 2:9-11 and affirmed defendant's aggregate sentence, but remanded for a restitution hearing.[1] State v. Kaiser, No. A-3693-14 (App. Div. Oct. 28, 2015), certif. denied, 224 N.J. 247 (2016).

Defendant thereafter filed a timely petition for PCR. Among other things, defendant argued that his attorney provided him with ineffective assistance at the time of sentencing because she failed to: (1) argue for mitigating factor four ("[t]here were substantial grounds tending to excuse or justify the defendant's

_____

[1] The trial court subsequently vacated the restitution order.

conduct, though failing to establish a defense"), N.J.S.A. 2C:44-1(b)(4); (2) ask for the application of mitigating factor eleven ("[t]he imprisonment of defendant would entail excessive hardship to himself or his dependents"), N.J.S.A. 2C:44-1(b)(11); (3) argue for the imposition of concurrent, rather than consecutive, sentences; and (4) correct the prosecutor's misstatement that "ten years on [the armed robbery charges] is the minimum allowed under the law" and that consecutive sentences were required.

Following oral argument, the judge, who had also presided at the time of defendant's sentencing hearing, considered each of these contentions and denied defendant's petition.  The judge concluded in his oral opinion that defendant failed to satisfy the two-prong test of Strickland v. Washington, 466 U.S. 668, 687 (1984), which requires a showing that trial counsel's performance was deficient and that, but for the deficient performance, the result would have been different.

Contrary to defendant's assertion, the judge found that defendant's attorney "did in fact successfully argue for mitigating factor four" by addressing defendant's "history of mental health issues, including suicide attempts, [and] his history of medical issues, including pulmonary embolism" in the oral argument she presented at defendant's sentencing hearing.  While defendant's

attorney did not also argue that this factor could be found based upon defendant's newly minted allegation that he was pressured by his wife into committing the offenses,[2] the judge nevertheless found and applied mitigating factor four at the time of sentencing. Therefore, the judge concluded that defense counsel's performance was not deficient and that, even if the attorney had raised this argument, the result would have been the same.

The judge next found that defendant's attorney did not argue for mitigating factor eleven at the time of sentencing, but there was no basis for the court to apply it under the circumstances presented in this case. Defendant did not financially support his children and was thousands of dollars in arrears on his child support obligations.

In addition, the judge considered this factor but rejected it because there was no evidence of anything "unique about [defendant's] particular case that takes it out of the general negative impact that any parent would suffer as a result of being incarcerated for any period of time and being separated from his children." As a result, the judge found that defendant's "counsel exercised her

---

[2] The judge noted that prior to imposing sentence, he had reviewed defendant's presentence report, which contained "facts concerning the role of [defendant's] wife in perpetrating the crimes . . . ." Therefore, he was fully aware of defendant's spouse's participation in the offenses.

5

professional judgment and likely chose not to argue mitigating factor [eleven] because she [could not] establish" it.

The judge also rejected defendant's contention that his attorney was ineffective because she did not argue for the imposition of concurrent terms on all of his convictions and merely yielded to the prosecutor's argument that the sentences were required to be consecutive. As the judge found, defendant's attorney asked that the court impose a sentence of seventeen years, rather than the twenty-year term set forth in the parties' plea agreement. Thus, the attorney did not fail to seek a lesser term as defendant alleged.

In addition, the judge found that after applying the factors set forth in State v. Yarbough, 100 N.J. 627, 643-44 (1985), consecutive sentences were warranted because defendant's "crimes had independent objective[s], threatened violence or involved separate acts of violen[ce] against multiple distinct victims and the crimes were committed at different times and in different places." Thus, the judge concluded there was "nothing in the record to suggest that any other argument [by defendant's attorney] would have been effective to have changed [t]he [c]ourt's analysis with respect to Yarbough."

A-0391-19

Because defendant failed to establish a prima facie case of ineffective assistance of his plea attorney, the judge ruled that an evidentiary hearing was not required. This appeal followed.

On appeal, defendant raises the same contentions he unsuccessfully pursued in the Law Division. He argues:

> POINT ONE
>
> [DEFENDANT] IS ENTITLED TO AN EVIDENTIARY HEARING ON HIS CLAIM THAT HIS ATTORNEY RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL FOR FAILING TO ARGUE ADEQUATELY FOR MITIGATING FACTORS AND CONCURRENT SENTENCES, AND FAILING TO CORRECT THE RECORD REGARDING MINIMUM TERMS.
>
> POINT TWO
>
> THE PCR COURT ERRONEOUSLY RULED THAT SOME OF [DEFENDANT'S] CLAIMS WERE PROCEDURALLY BARRED.[3]

---

[3] In his oral decision, the trial judge ruled that defendant's arguments concerning the application of mitigating factors four and eleven, and the imposition of concurrent sentences, were or could have been raised on direct appeal and, therefore, were barred by Rule 3:22-4(a) and Rule 3:22-5. However, the judge went on to fully consider and reject these contentions on their merits. Therefore, we need not address defendant's argument under Point II in this opinion.

A-0391-19

The mere raising of a claim for PCR does not entitle the defendant to an evidentiary hearing. State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). Rather, trial courts should grant evidentiary hearings and make a determination on the merits only if the defendant has presented a prima facie claim of ineffective assistance, material issues of disputed facts lie outside the record, and resolution of the issues necessitates a hearing. R. 3:22-10(b); State v. Porter, 216 N.J. 343, 355 (2013). We review a judge's decision to deny a PCR petition without an evidentiary hearing for abuse of discretion. State v. Preciose, 129 N.J. 451, 462 (1992).

To establish a prima facie claim of ineffective assistance of counsel, the defendant

> must satisfy two prongs. First, he must demonstrate that counsel made errors "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." An attorney's representation is deficient when it "[falls] below an objective standard of reasonableness."
>
> Second, a defendant "must show that the deficient performance prejudiced the defense." A defendant will be prejudiced when counsel's errors are sufficiently serious to deny him a "fair trial." The prejudice standard is met if there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." A "reasonable probability" simply means a "probability

A-0391-19

sufficient to undermine confidence in the outcome" of the proceeding.

[State v. O'Neil, 219 N.J. 598, 611 (2014) (alteration in original) (citations omitted) (quoting Strickland, 466 U.S. at 687-88, 694).]

"[I]n order to establish a prima facie claim, [the defendant] must do more than make bald assertions that he was denied the effective assistance of counsel. He must allege facts sufficient to demonstrate counsel's alleged substandard performance." Cummings, 321 N.J. Super. at 170. The defendant must establish, by a preponderance of the credible evidence, that he is entitled to the required relief. State v. Nash, 212 N.J. 518, 541 (2013).

We have considered defendant's contentions in light of the record and applicable legal principles and conclude they are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2). We affirm substantially for the reasons the judge expressed in his oral opinion. We discern no abuse of discretion in the denial of defendant's PCR petition without an evidentiary hearing, as defendant failed to present a prima facie claim of ineffective assistance of counsel warranting such a proceeding.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION